In re Lawrence E. WILLIAMS,
Jr., Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 96–BG–386.

District of Columbia Court of Appeals.

Submitted Feb. 20, 1997.
Decided May 1, 1997.

Lawrence E. Williams, Jr., pro se.

Leonard H. Becker, Bar Counsel, and H. Clay Smith, III, Assistant Bar Counsel, were on the brief for petitioner, the Office of Bar Counsel.

Before TERRY, SCHWELB and RUIZ, Associate Judges.

RUIZ, Associate Judge:

The Board on Professional Responsibility (the Board) unanimously sustained the find-ings and recommendations of the Hearing Committee and ordered Bar Counsel to issue an informal admonition to respondent for violating D.C. Rules of Professional Conduct 1.5(b) and (c). Respondent concedes that he violated the Rules of Professional Conduct, but disagrees with the Board's decision to informally admonish him. Respondent alleg-es that the Board's decision should be re-versed because the Board abused its discre-tion and Bar Counsel improperly failed to provide discovery. We conclude that an in-formal admonition is warranted and sustain the Board's direction to Bar Counsel.

The disciplinary violation arose from the following events: Respondent was ap-proached by one of his former students at the District of Columbia School of Law for assistance in a property case the student and his parents had filed against a neighbor. Respondent claimed to have informed the student of his intention to charge a contin-gent fee, but respondent never reduced the fee arrangement to writing. A dispute over the fee owed respondent resulted in respon-dent filing a claim against the student in Small Claims Court, which resulted in settle-ment of the fee dispute. Some time after being sued, the student filed a complaint against respondent with Bar Counsel that is the subject of this action. Respondent, in turn, filed a complaint against the student with the D.C. Bar Committee on the Unau-thorized Practice of Law based on the actions taken by the student in the underlying prop-erty lawsuit.

Bar Counsel issued respondent a written informal admonition. Respondent exercised his right to an adversarial hearing, D.C. Bar Rule XI, § 8(b), and requested from Bar Counsel "a copy of all Bar Counsel files containing complaints alleging client fee dis-putes and failure of an attorney to reduce a fee agreement to writing." [1] Bar Counsel replied that the request was "overly broad, burdensome and well beyond the scope of what this office is permitted to disclose." Before the Hearing Committee, respondent orally moved for an order directing Bar

---

1. In the letter respondent also "advised that it is my intent to take this petty matter all the way to the DCCA as I view it as nothing more than a further attempt by [Bar Counsel] to harass Black lawyers."

Counsel to produce "all files alleging client fee disputes and failure of an attorney to reduce the fee agreement to writing." Respondent argued he needed the files to "perfect a defense of disparate treatment." The Hearing Committee Chair denied respondent's motion and directed him to raise the issue before the Board.

The Hearing Committee determined that respondent violated Rule 1.5(b) ("When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.") and Rule 1.5(c) ("A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined...."). The Hearing Committee found that respondent had not regularly represented the student and did not communicate his fee in writing before or shortly after the representation began, supporting a violation of Rule 1.5(b). Respondent admitted his failure to reduce the contingent-fee agreement to writing, supporting the violation of Rule 1.5(c).[2] The Hearing Committee recommended an informal admonition, as suggested by Bar Counsel.

At the end of oral argument before the Board, respondent requested permission to file an additional brief on the issue of whether, in light of *In re Confidential (J.E.S.)*, 670 A.2d 1343 (D.C.1996), the Board has discretion to recommend that no sanction be imposed even when there has been a violation of the Rules of Professional Conduct. The Board granted respondent's request. In his submission briefing the issue, respondent, for the first time before the Board, argued that Bar Counsel's failure to satisfy his discovery request undermined respondent's efforts to

show that issuance of an informal admonition in his case would be an unwarranted departure from the manner in which Bar Counsel has addressed similar conduct in other cases. Respondent also alleged that Bar Counsel discriminated against black attorneys. The Board sustained the Hearing Committee's findings; adopted its recommendation for an informal admonition and did not address respondent's discovery and racial discrimination issues.

■ Before this court, respondent contends that *J.E.S.* gives the Board authority to decline to discipline a respondent even though a disciplinary violation has been found by the Board. According to respondent, the Board has discretion not to impose any sanction if imposition of a sanction "'would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.'" *Id.* at 1344 (quoting D.C. Bar Rule XI, § 9(g)(1)). The language from *J.E.S.* relied upon by respondent refers to the standard to be applied by the Board in considering the Hearing Committee's recommendation. We also are similarly guided to adopt the Board's recommendation. *Id. J.E.S.*, however, does not stand for the proposition that the Board has discretion not to impose a sanction after determining a violation has occurred.[3] Indeed, in *J.E.S.* the court upheld the Board's recommendation that an informal admonition was an appropriate sanction.

Respondent argues that Board Rule 13.6 also gives the Board the discretion to recommend or impose no sanction, notwithstanding a proven violation. Rule 13.6, however, governs the Board's fact-finding responsibilities and does not address the Board's decisional process regarding appropriate sanctions.[4]

---

**2.** The Hearing Committee acknowledged that there was a disagreement regarding whether a contingent-fee agreement was established, but relied on respondent's concession that the arrangement did exist.

**3.** D.C. Bar Rule XI, § 9(g)(1) was quoted in *J.E.S.* because the case was the first to address the sanction for a violation of Rule 1.5(e)(2) and the court noted it did not have another case with which to compare the sanction. The court in *J.E.S.* did not discuss whether or not to impose a sanction, but rather whether the recommended

sanction was commensurate with the sanctions imposed for other similar violations.

**4.** Board Rule 13.6 provides in part:

Upon conclusion of the oral argument or its waiver, the Board may affirm, modify, or expand the findings and recommendation of the Hearing Committee. Alternatively, the Board may remand the matter to the Hearing Committee for further proceedings, or the Board may dismiss the petition. Review by the Board shall be limited to the evidence presented to the Hearing Committee, except in ex-

We agree with the Board's conclusion that there is no need to decide whether we have authority to decline to impose or recommend a sanction when we find a violation, because this case does not lend itself to the exercise of such discretion, even assuming it existed. The Board noted that Rule 1.5 was promulgated "to minimize the impact of disputes over attorney's fees. Respondent's failure to comply with the Rule led to the acrimony and litigation that the Rule was intended to prevent." Informal admonition is the mildest form of discipline, *In re L.R.*, 640 A.2d 697, 700 (D.C.1994), and is imposed for similar disciplinary violations. *Cf. J.E.S., supra,* 670 A.2d at 1346 (upholding an informal admonition for a violation of Rule 1.5(e)(2)). Respondent has not shown how issuance of an informal admonition in his case would be unwarranted or inconsistent with dispositions in other similar cases.

█ Respondent contends that Bar Counsel's failure to satisfy his discovery request impeded his ability to show that the disposition proposed in his case is inconsistent with dispositions in prior cases. He asserts that his claim must be viewed in the context of Bar Counsel's "historical, disproportionate, and disparaging treatment against Black attorneys." Bar Counsel denies the charge of discrimination and argues that respondent's

failure to raise and preserve the discovery issue in a timely manner before the Board constitutes a waiver. *In re James,* 452 A.2d 163, 168–70 (D.C.1982).

A claim of racially discriminatory discipline is a serious allegation that calls into question the integrity of Bar Counsel and the disciplinary system. Apart from respondent's unsupported view,[5] however, the discovery request failed to make any showing, much less a threshold showing, that Bar Counsel had declined to discipline similarly situated attorneys of other races. Even assuming that respondent had preserved the discovery issue, therefore, the record before us does not justify respondent's broad discovery request in light of the burden it would impose on Bar Counsel and potential confidentiality issues.

We affirm the Board's order to Bar Counsel, in accordance with D.C. Bar Rule XI, § 9(c), to issue an informal admonition to respondent.

---

traordinary circumstances determined by the Board.

**5.** The District of Columbia courts have been alerted to and have inquired into the perception of bias in the disciplinary system. *See* 1992 FINAL REPORT OF THE TASK FORCE ON RACIAL AND ETHNIC BIAS IN THE COURTS. Respondent has not offered any evidence to counter the Task Force's conclusion, based on its survey, that there is no endemic discrimination in the disciplinary system against racial or ethnic minorities.